**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LU ANNE MILLER,

    Plaintiff,
vs.                                                                                             CASE NO. 3:10-cv-497-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying her claims for disability insurance benefits ("DIB"). Plaintiff filed a brief in opposition to the Commissioner's decision (Doc. #15). Defendant filed a brief in support of the Commissioner's decision to deny disability benefits (Doc. #16). The Commissioner has filed the Transcript of the underlying administrative proceedings and record evidence (hereinafter referred to as "Tr." followed by the appropriate page number).

The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings.[1] Upon review of the record, the Court found the issues raised by Plaintiff were fully briefed and concluded oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the Commissioner's

---

[1]Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated September 28, 2010 (Doc. #10).

decision is **REVERSED AND REMANDED**.

## I. PROCEDURAL HISTORY

In August 2005, Plaintiff filed an application for DIB (Tr. 121-23). Plaintiff alleges her disability began on June 8, 2005 (Tr. 121). Plaintiff claims to be disabled as a result of sarcidosis, monoclonal gammopathy, diabetes, and high blood pressure (Tr. 159, Adult Disability Report).

Plaintiff's claim was denied on November 7, 2006 (Tr. 60-62), and she requested reconsideration on November 13, 2006 (Tr. 68-69). Plaintiff's request for reconsideration was denied on January 23, 2007 (Tr. 70-72). Plaintiff filed a request for a hearing in front of an administrative law judge ("ALJ"). The first hearing was held on December 6, 2007 before ALJ Robert Droker (Tr. 52-55), but was continued by the ALJ, prior to any testimony, in order to obtain consultative examination and to complete a residual functional capacity report (Tr. 54). The second hearing was held before ALJ Droker on April 28, 2008 (Tr. 26-51). Plaintiff Lu Anne Miller and an impartial vocational expert ("VE"), Donna Mancini, appeared and testified at the second hearing.. The ALJ found Miller was not disabled by his decision dated May 30, 2008 (Tr. 19-25). Plaintiff requested a review of the hearing by the Appeals Council on July 16, 2008 ( Tr. 9-11).[2] The Appeals Council denied request for review on April 20, 2010, making the ALJ's decision the final decision of the Commissioner and subject to review under 42 U.S.C. § 405(g) (Tr. 1-4). Plaintiff's counsel filed the instant action in federal court on June 6, 2010 (Doc. #1).

---

[2] On July 11, 2008 Mr. Erik Berger, Esq. became Plaintiff's current counsel of record (Tr. 12). Plaintiff was previously represented by attorney Mr. Michael Sullivan, Esq. The first action Mr. Berger took as Plaintiff's counsel was to file a Request for Review of Hearing Decision (Tr. 9-11).

2

## II. STANDARD OF REVIEW

A plaintiff may be entitled to disability benefits when he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505. The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).[3] Plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is comprised of relevant evidence that a reasonable person would accept as adequate to support a conclusion. *Foote*, 67 F.3d at 1560; *Moore*, 405 F.3d at 1211.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact,

---

[3] All references made to 20 C.F.R. will be to the 2011 edition unless otherwise specified.

and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; accord, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

### III. BACKGROUND & ANALYSIS

Plaintiff was born on December 15, 1966 and was forty-one years old at the time of the second hearing before the ALJ (Tr. 121). Plaintiff's past relevant work includes: certified nursing assistant, phone operator, and ultrasound technician (Tr. 160).

The ALJ concluded Plaintiff had the severe medically determinable impairments of "diabetes, stable sarcoidsis, disorders of the spine and hypertension" (Tr. 21). The ALJ found these limitations did not support Plaintiff's allegation that she is disabled from all work and concluded Plaintiff could still perform her past relevant work as a phone operator (Tr. 25).

Plaintiff's treating physician Dr. Robert James completed a Physical Residual Functional Capacity Questionnaire ("questionnaire") of Miller on November 29, 2007 (Tr. 240-43). Plaintiff's original counsel, Mr. Sullivan, submitted the questionnaire to the ALJ on December 5, 2007, one day before the first hearing (Doc. #15 at 3, Tr. 13). Both hearing transcripts and the ALJ's decision are devoid of any reference to Dr. James' questionnaire, nor, inexplicably, was the questionnaire included in the record prior to the ALJ's decision (Doc. #15 at 3). In Plaintiff's July 11, 2008 Request for Review of Hearing Decision (Tr. 9), her current counsel of record submitted to the Appeals Council: Dr.

James' questionnaire, a brief argument letter, and the original fax transmission sheet dated December 5, 2007 (Tr. 11-13, 240-43, Doc. #15 at 15-1). Plaintiff's counsel again wrote a letter to the Appeals Council on July 27, 2009 and again attached the questionnaire and the original fax transmission sheet (Tr. 238-44, Doc. #15 at 15-2). The Appeals Council on April 20, 2010, denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). The Appeals Council stated in their denial that they had received additional evidence but "found this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. 3-4).[4] The Appeals Council then made the additional evidence, Mr. Berger's July 27, 2009 letter and Dr. James' questionnaire, part of the record (Tr. 4, 237-43).[5]

Plaintiff alleges the ALJ erred by not including the questionnaire which constitutes a medical opinion of a treating physician in the record (Doc #15 at 9).[6] Plaintiff alternatively

---

[4] The Appeals Council also recognized that Miller had been found disabled on a subsequent claim for benefits which alleged an onset date of June 1, 2008, the Appeals Council found this information did not warrant a change in the ALJ's decision (Tr. 2).

[5] The Court notes that the Appeals Council, when making the July 27, 2009 letter and the questionnaire part of the record, for some unknown reason failed to include the fax transmission sheet which indicated the questionnaire was originally sent to the Jacksonville Office of Disability Adjudication and Review ("ODAR") on December 5, 2007. The fax transmission sheet in question is attached in Exhibit 1 and Exhibit 2 of Plaintiff's brief (Doc. #15 at 15-1, 15-2).

[6] Plaintiff has included the July 11, 2008 letter with attachments as Exhibit 1 to Plaintiff's (Doc #15 at 15-1). Plaintiff also has included the July 27, 2009 letter with attachments as Exhibit 2 to Plaintiff's brief (Doc. #15 at 15-2). As Exhibit 3, Plaintiff also submits a phone list for Jacksonville ODAR indicating the fax number to the office (Doc #15 at 15-3). The Court notes there are two fax numbers listed in Plaintiff's Exhibit 3, a "FECS Fax" and "Fax." *Id.* The Social Security Administration permits new evidence to be added into the electronic file or "EF" by faxing the documents to the EF using the "FECS" fax number. *See* Social Security Online, "Faxing Documents into the EF," http://policy.ssa.gov/poms.nsf/lnx/0480850065 (last visited Sept. 23, 2011). Thus, the undersigned finds Plaintiff's attorney properly submitted the questionnaire by FECS fax to the Jacksonville ODAR on December 5, 2007.

5

alleges the Appeals Council erred in refusing to review the ALJ's decision, despite receiving the questionnaire. *Id.* at 12. Plaintiff asserts the questionnaire is considered "new" upon submission to the Appeals Council because it appears from the record the ALJ never received it. *Id.* at 13. Plaintiff claims the questionnaire is "material" because it includes a treating physician opinion on Plaintiff's impairments and resulting functional limitations, which contradicts the ALJ's findings that Plaintiff can still perform her past relevant work. *Id.* at 15. Plaintiff argues the ALJ's decision is now "contrary to the weight of the evidence" because the new evidence is a medical opinion of a treating physician, it supports the opinion of a consulting physician, and it supports Plaintiff's own testimony. *Id.* at 16-18.

Defendant contends the ALJ made no error since he did not know of the questionnaire's existence for reasons unknown to either party (Doc. #16 at 4). Defendant further contends the Appeals Council made no error in denying review since the additional evidence in the questionnaire would not have changed the ALJ's decision. *Id.* at 5. Defendant argues the questionnaire itself is unsupported by medical evidence, Plaintiff's other physicians repeatedly indicated Plaintiff had few physical limitations, and the ALJ's decision is supported by state agency physicians who reviewed the Plaintiff. *Id.* at 5-8. Defendant claims there is substantial evidence to support the ALJ's decision, the failure to evaluate Dr. James' opinion is a harmless error, and a remand would be wasteful. *Id.* at 11.

### The failure of the Commissioner to admit new evidence before the ALJ and the denial of review by the Appeals Council

Upon review of the ALJ's decision, the Appeals Council's decision, and the record evidence the Court finds reversible error in the failure to adequately consider the new

evidence.  The Court cannot explain why the questionnaire was not included in the record at any time after either administrative hearing, as it appears it was correctly submitted by the Plaintiff (*see* Doc. #15 at 15-1, 15-2, 15-3).  The Court finds this error is compounded with the error of the Appeals Council in denying review of the ALJ's decision, despite receipt of the above mentioned evidence (Tr. 1-4, 237-44).  The Court finds the medical opinion of Dr. James in the questionnaire to be new and material evidence and that proper consideration of such by the Commissioner could result in a different decision.

Evidence "properly presented to the Appeals Council has been considered by the Commissioner and is part of the administrative record, that evidence can be the basis for only a sentence four remand, not a sentence six remand."  *Ingram v. Comm'r Soc. Sec.*, 496 F.3d 1253,1269 (11th Cir. 2007).  Remand is proper "if the court finds that the new evidence is material and that good cause exists for [the plaintiff's] failure to incorporate this evidence into the record in the proceedings before the ALJ."  *Keeton v. Dept. of Health and Human Servs.*, 21 F.3d 1064, 1067 (11th Cir. 1994).

The Eleventh Circuit and the Regulations have stated that upon the submission of:

> new noncumulative and material evidence to the Appeals Council after the ALJ's decision, the Appeals Council shall consider such evidence, but only where it relates to the period on or before the date of the ALJ's hearing decision. Material evidence is evidence that is relevant and probative so that there is a reasonable possibility that it would change the administrative result. When evidence is submitted for the first time to the Appeals Council, that new evidence becomes part of the administrative record. The Appeals Council considers the entire record, including the new, material, and chronologically relevant evidence, and will review the ALJ's decision if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

*Smith v. Soc. Sec. Admin.*, 272 Fed. Appx. 789, 800-01 (11th Cir. 2008) (per curiam)

7

(internal quotation marks and citations omitted);[7] see also 20 C.F.R. § 404.970(b).[8]  The Court must consider whether the Appeals Council has violated 20 C.F.R. § 404.970(b).  If the Court finds such a violation, then the appropriate action "is to remand the matter to the Commissioner so that the administrative review that was improperly denied is undertaken." *See Tucker v. Asture,* No. 8:07-cv-621-T-TGW, 2008 WL 2811170, *7 (M.D. Fla. July 21, 2008); *see also Austin, v. Comm'r Soc. Sec.,* No. 6:08-cv-1752-Orl-31GJK, 2010 WL 672842, *14-15 (M.D. Fla. Feb. 23, 2010)*; Samuels v. Astrue*, No. 3:08-cv-900-J-HTS, 2009 WL 165960, *2 (M.D. Fla. Jun. 15, 2009); *Lee v. Astrue*, No. 3:08-cv-458-J-HTS, 2009 WL 1393503, *2 (M.D. Fla. May, 18, 2009).

In order to justify a remand for consideration of new evidence in the Eleventh Circuit, Plaintiff must show:  (1) there is new, noncumulative evidence; (2) the evidence is material, in that it is relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.  *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986) (citing *Cherry v. Heckler*, 760 F2d. 1186, 1192-94 (11th Cir. 1985)).  In the present case the

---

[7] Unpublished opinions may be cited as persuasive on a particular point.  The Court does not rely on unpublished opinions as precedent.  Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P.  Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules.  11th Cir. R. 36-2.

[8] The Regulations state:  "the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  20 C.F.R. § 404.970(b).

additional evidence is the questionnaire completed by Plaintiff's treating physician, Dr. James, on November 29, 2007 (Tr. 240-43).

"New" evidence refers to evidence that was not previously available to the ALJ. *See Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). As the record indicates, the ALJ apparently never received this evidence, although not for Plaintiff's lack of trying. *See* Doc.#15 at 15-1, 15-2, 15-3. Thus, upon the Appeals Council's receipt of this evidence, by Plaintiff's July 27, 2009 letter and attachments (Tr. 237-43, Doc. #15 at 15-2), it is considered new. The evidence is not cumulative as there is no other evidence by a treating physician in the record indicating Plaintiff's functional limitations that could limit her ability to work. (*See* Tr. 23, ALJ Decision making this finding.)[9] In fact, the ALJ emphasizes, "As for the opinion evidence, no treating source has reported that the claimant has been unable to work or that she has otherwise been limited in her ability to work or perform work related activities." *Id.* The ALJ also bases another finding, in part, on this lack of treating source evidence. "In sum, the Administrative Law Judge finds that the . . . residual functional capacity assessment is supported by the assessments from the state agency medical consultants, *and by the lack of limitations documented by the claimant's treating sources.*" *Id.* at 24 (emphasis added).

Evidence is considered "material" if "there is a reasonable possibility that the new evidence would change the administrative outcome." *Hyde*, 823 F.2d at 459. Materiality refers to the ability, upon consideration of the new evidence, to contradict the ALJ's findings and conclusions regarding a plaintiff's impairments or limitations. *See Vega v. Comm'r*

---

[9] One consulting physician, Dr. Lazo, did find Plaintiff had a number of functional limitations. *See infra* note 11.

*Soc. Sec.*, 265 F.3d 1214, 1219 (11th Cir. 2001); *see also Tucker*, 2008 WL 2811170, at *10 (finding a letter from a treating physician containing a plaintiff's functional limitations to be material evidence). The questionnaire was prepared by Plaintiff's treating physician and states Plaintiff's functional limitations, including that Plaintiff can only sit for "about 2 hours" in an eight hour workday (Tr. 240-43). The Court finds Dr. James' questionnaire constitutes a medical opinion of a treating physician and as such may be due the deference stated in the Regulations. *See* 20 C.F.R. § 404.1527(a)(2).[10] If credited, this opinion could lead to the conclusion that Plaintiff can no longer perform her past relevant work. Further, the ALJ stated in his decision that "no treating source has reported that the claimant has been unable to work or that she has otherwise been limited in her ability to work or perform work-related activities" (Tr. 23).[11] The ALJ referenced Dr. James specifically as a treating source that never advised or indicated Plaintiff was suffering from any work related limitations. *Id.* The new evidence from Dr. James in the questionnaire provides the ALJ with precisely what he noted was lacking in the record. As such, there is a reasonable possibility that upon consideration of this evidence the ALJ's decision could change.

It is well established in the Eleventh Circuit that the good cause requirement is met

---

[10] Medical opinions "are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and . . . physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

[11] The ALJ did note that the consulting physician, Dr. Ciceron Lazo, M.D., examined Plaintiff and reported she could sit for only two hours in an eight hour workday, as well as several other functional limitations (Tr. 23-24; *see also* Tr. 520-30). The ALJ did not attach any significant weight to Dr. Lazo's opinion and stated it was because the opinion was not corroborated by the examination report and appeared to be based on Plaintiff's report of symptoms (Tr. 24).

if the new evidence did not exist during the administrative proceedings. *See Vega,* 265 F. 3d at 1218-19; *Cannon v. Bowen*, 858 F.2d 1541, 1546 (11th Cir. 1988); *Cherry*, 760 F.2d at 1192. Here the evidence did exist at the time of the administrative proceedings, as the report was completed on November 29, 2007 and the two administrative hearings were held on December 6, 2007 and April 29, 2008. For reasons unknown to this Court, the Plaintiff, or apparently the Defendant, the evidence, although submitted to the ALJ, was not properly entered in the record and thus not considered by the ALJ. *See* Doc. #15 at 15-1, 15-2, 15-3. The undersigned finds this failure is due to no fault of the Plaintiff and as such finds the good cause requirement is met.

Upon a finding that the evidence is new, material, and good cause exists, the Court must determine whether, in light of the new evidence, the ALJ's decision is contrary to the weight of evidence currently in the record. *See* 20 C.F.R. § 404.970(b); *Smith,* 272 Fed. Appx. at 800-01; *Tucker*, 2008 WL 2811170 at *7. Given this new evidence, the undersigned finds the Appeals Council erred in denying review of the ALJ's decision. The ALJ stated multiple times in his decision that no treating source had documented Plaintiff's functional limitations (Tr. 23-24). It appears in large part that the ALJ based his decision on the lack of treating physician opinions in support of Plaintiff's claims (Tr. 23) and on the residual functional capacity ("RFC") reports completed by state agency medical consultants (Tr. 24). The reviewing sources ascertained Plaintiff could still perform a wide range of light work (Tr. 406-13, 439-46). The ALJ gave greater weight to the reviewing physicians who completed the RFCs, than to Plaintiff's treating and consulting physicians (Tr. 22-24). These reviewing physicians' opinions cannot outweigh the opinion of a treating physician, unless that opinion is properly discounted. *See Tucker*, 2008 WL 2811170 at *10. As there

is now evidence in the record from a treating source stating Plaintiff's limitations, and that evidence corroborates Dr. Lazo's opinion and Plaintiff's testimony, the ALJ's decision is contrary to the weight of the evidence and must be reconsidered in light of the new opinion evidence.

The present case is comparable to *Tucker*. In *Tucker,* a treating physician submitted a letter specifying the plaintiff's functional limitations. *Id.* at *6. This medical opinion was submitted to the Appeals Council, who stated it had considered the additional evidence but found it was not sufficient to change the ALJ's decision. *Id.* A District Court in the Middle District of Florida found the evidence was new and material. *Id.* at *10. The court found the evidence was contrary to the ALJ's decision because the ALJ based his decision on the opinions of two non-examining reviewing physicians. *Id.* The court stated the reviewing opinions could not outweigh the contrary opinion of a treating physician, unless that opinion was specifically discredited. *Id.* The court concluded the Appeals Council erred in denying review of the ALJ's decision and thus remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). *Id.*

Under Eleventh Circuit precedent, the Commissioner's failure to include the medical opinion evidence from the questionnaire in the record before the ALJ, compounded with the Appeals Council refusal to review the ALJ's decision despite receiving the questionnaire, amounts to a reversible error. The stated functional limitations in Dr. James' questionnaire, if credited as true, indicate Plaintiff can no longer perform her past relevant work. As such, the consideration and weight afforded to the questionnaire could change the outcome of the ALJ's decision.

## IV. CONCLUSION

Upon review of the ALJ's decision, the Appeals Council decision, and the underlying record, the Court finds for the reasons stated herein the decision of the Commissioner shall be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g). The case is **REMANDED** for additional proceedings consistent with this Order and Opinion.

On remand, the ALJ must consider all medical opinions, including the new evidence questionnaire from Dr. James, and give the proper weight to the opinions of each as required by the law of this circuit and the applicable Regulations. *See Lewis,* 125 F.3d at 1440-41; *Sharfarz*, 825 F.2d at 279-81. If the ALJ finds reason to disregard a medical opinion, he must explicitly provide specific reasons for doing so and those reasons must be supported by substantial evidence in the record. On remand, the ALJ may reopen the record and accept any additional evidence deemed appropriate. The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.[12]

Plaintiff Miller is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage

---

[12]If Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the Commissioner's final decision to award benefits. *See Bergen v. Comm'r Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.

in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of September, 2011.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record